21-2236-cr
United States v. Rhodes

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                        No. 21-2236-cr

JASON RHODES,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:          PATRICK J. JOYCE, Law Office of
                                                          Patrick Joyce, New York, NY

1

FOR APPELLEE: JARED LENOW, Assistant United States Attorney (David Abramowicz, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of conviction entered in the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Jason Rhodes, a native and citizen of Canada, appeals from a September 10, 2021 judgment of the United States District Court for the Southern District of New York (Stein, J.) sentencing him principally to 48 months' imprisonment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In 2020 Rhodes pled guilty, without a plea agreement, to four counts relating to his participation in a fraud scheme at the hedge fund Sentinel Growth Fund Management, LLC ("Sentinel"): conspiring to commit securities and wire fraud, securities fraud, wire fraud, and investment adviser fraud. In addition to

imposing a 48-month term of imprisonment, the District Court also ordered Rhodes to forfeit $25,451,801, to be paid jointly and severally with his co-conspirators, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

## I.     The Forfeiture Order

Claiming that he never acquired the full $25,451,801 as part of the fraud scheme, Rhodes argues that the District Court's forfeiture order violates Honeycutt v. United States, which held that "a defendant may [not] be held jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire."  581 U.S. 443, 445 (2017).[1] Because Rhodes failed to object to the forfeiture order during the proceedings below, we review for plain error.  See United States v. Graham, 51 F.4th 67, 80 (2d Cir. 2022).

For an error to be plain, it must be "clear or obvious."  United States v. Miller, 954 F.3d 551, 557 (2d Cir. 2020).  Since Honeycutt, we have explained that where a co-conspirator "acquired the full proceeds as a result of the crime," he

---

[1] This Court has yet to determine whether Honeycutt's ruling with respect to forfeiture orders under 21 U.S.C. § 853(a)(1) applies with equal force to forfeiture orders under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  See United States v. Fiumano, 721 Fed. App'x 45, 51 n.3 (2d Cir. 2018) (identifying the open question).  Because the parties do not dispute that Honeycutt applies to the forfeiture order in this case, we assume without deciding that it does.

"can still be held liable to forfeit the value of those tainted proceeds, even if those proceeds are no longer in his possession." United States v. Tanner, 942 F.3d 60, 68 (2d Cir. 2019) (quotation marks omitted). We have also held that a defendant "acquires" the proceeds of a crime when they are "under [his] control." United States v. Contorinis, 692 F.3d 136, 147 (2d Cir. 2012). According to testimony elicited during a Fatico hearing held prior to Rhodes's sentencing, Rhodes served as one of two signatories on the Sentinel brokerage account in which client funds were initially collected, and he had exclusive authority to disburse those funds from another Sentinel account from which they were ultimately misappropriated. The evidence before the District Court could support the conclusion that the funds passing through the accounts on which Rhodes was a signatory—and in one case the exclusive signatory—exceeded $25,451,801. Because neither the Supreme Court nor this Court has suggested that this arrangement falls short of establishing "control," we conclude that the District Court did not commit a "clear or obvious" error in imposing a forfeiture order for the full $25,451,801. See Miller, 954 F.3d at 557; see also United States v. Mathieu, 853 F. App'x 739, 742–43 (2d Cir. 2021) (concluding that defendant had sufficient control over assets in challenged accounts to support forfeiture order

where, among other factors, defendant was co-signatory on one account and sole signatory on the other); United States v. Jergensen, 797 F. App'x 4, 8 (2d Cir. 2019) (upholding forfeiture order for joint and several liability with co-conspirators where defendant approved every transfer out of bank account and thus "acquired or used the tainted funds").

## II. The Procedural Reasonableness of Rhodes's Sentence

A district court commits procedural error when it "fails to calculate the [Sentencing] Guidelines range (unless omission of the calculation is justified . . .)," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

Rhodes argues that his sentence is procedurally unreasonable for two reasons. First, Rhodes claims that the District Court failed to consider his possible removal to Canada and its impact on him and his family as a collateral consequence of sentencing. Second, Rhodes claims that the District Court's imposition of a 48-month term of imprisonment created an unwarranted

5

sentencing disparity between him and Steven Simmons, a co-conspirator who solicited investments for Sentinel and was sentenced to 37 months' imprisonment. See United States v. Simmons, 17-cr-127, Dkt. No. 149, at 2 (Judgment as to Steven Simmons).

We find no procedural error here. Despite Rhodes's assertion to the contrary, at the sentencing proceeding, the District Court explicitly acknowledged and considered Rhodes's argument that he would be removed to Canada as a result of his sentence. See App'x 633–34.

With respect to the claimed sentencing disparity between Rhodes and Simmons, "[w]e have repeatedly made clear that section 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants." United States v. Bryant, 976 F.3d 165, 180 (2d Cir. 2020) (quotation marks omitted). However, when a sentencing court chooses to consider a defendant's sentence in relation to the sentences of co-defendants, it should consider both the relevant differences and relevant similarities between them. United States v. Wills, 476 F.3d 103, 110–11 (2d Cir. 2007) (abrogated on other grounds); see also United States v. Martinez, 313 Fed. App'x 412, 413 (2d Cir. 2009) ("A district court may consider

6

such disparities, however, and if it does so it must consider both the relevant differences and the relevant similarities between co-defendants.").

To the extent that Rhodes argues that the District Court inadequately explained its assessment of the relative culpability of Rhodes as compared to Simmons, or that the District Court's assessment reflects an abuse of discretion, we disagree. In response to Rhodes's argument that Simmons was more culpable because he "convinc[ed] vulnerable people to give him money" and pocketed more than Rhodes, the District Court responded, "Mr. Simmons wasn't running the company." App'x 620–21. The District Court clearly embraced the Government's argument that, although some factors suggested that Simmons was more culpable, the breadth of Rhodes's involvement in the scheme as Chief Investment Officer and Chief Risk Officer, and the fact that his conduct impacted many more investors, rendered him more culpable. The District Court did not abuse its discretion in reaching this conclusion.

For these reasons, we conclude that Rhodes's sentence is procedurally reasonable.

We have considered Rhodes's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
